IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Storm Products, Inc.**, a Utah corporation<br><br>Plaintiff,<br><br>v.<br><br>**Ebonite International Inc.**, a Kentucky corporation, and **Ebonite Holdings Inc.** a Kentucky corporation.<br><br>Defendant. | **SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br>Case No. **2:07cv00260 DAK**<br><br>District Judge Dale A. Kimball |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #26). The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for Hearing on Wednesday, May 14, 2008, at 11:00 a. m. is VACATED.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | |
|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | **DATE** |
| | Nature of claims and any affirmative defenses: | |
| | Plaintiff filed a declaratory judgment action seeking to find United States Patent No. 6,280,343 invalid and non-infringed.  Defendants' counterclaim alleges that Storm is infringing the patent, and seeks injunctive and monetary relief. | |
| a. | Was Rule 26(f)(1) Conference held? | 04/11/08 |
| b. | Has Attorney Planning Meeting Form been submitted? | 04/14/08 |
| c. | Was 26(a)(1) initial disclosure completed? | 05/22/08 |

| 2. | | DISCOVERY LIMITATIONS | NUMBER |
|---|---|---|---|
| | a. | Maximum Number of Depositions by Plaintiff(s) | *10* |
| | b. | Maximum Number of Depositions by Defendant(s) | *10* |
| | c. | Maximum Number of Hours for Each Deposition (exclusive of breaks, unless extended by agreement of parties) | *7* |
| | d. | Maximum Interrogatories by any Party to any Party | *25* |
| | e. | Maximum requests for admissions by any Party to any Party are 25 except requests limited to admitting the authenticity and/or hearsay exception qualification of documents, maximum 75 | *25* |
| | f. | Maximum requests for production by any Party to any Party | *50* |

| 3. | | AMENDMENT OF PLEADINGS/ADDING PARTIES[2] | DATE |
|---|---|---|---|
| | a. | Last Day to File Motion to Amend Pleadings | 07/15/08 |
| | b. | Last Day to File Motion to Add Parties | 07/15/08 |

| 4. | | RULE 26(a)(2) REPORTS FROM EXPERTS[3] | DATE |
|---|---|---|---|
| | a. | Plaintiff – On matters where it has burden of proof. | 05/01/09 |
| | b. | Defendants – On matters where they have burden of proof. | 05/01/09 |
| | c. | Counter reports | 06/01/09 |

| 5. | | OTHER DEADLINES | DATE |
|---|---|---|---|
| | a. | Discovery to be completed by: | |
| | | Fact discovery | 03/01/09 |
| | | Expert discovery | 08/01/09 |

|   |   |   |   |
|---|---|---|---|
| b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | | |
| c. | Deadline for filing dispositive or potentially dispositive motions | | 09/15/09 |

**6.**  **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**          **DATE**

|   |   |   |   |
|---|---|---|---|
| a. | Referral to Court-Annexed Mediation: | *Yes/No* | |
| b. | Referral to Court-Annexed Arbitration | *Yes/No* | |
| c. | Evaluate case for Settlement/ADR on | | 03/01/09 |
| d. | Settlement probability: Poor | | |

*Specify # of days for Bench or Jury trial as appropriate.*
*Shaded areas will be completed by the court.*

**7.**  **TRIAL AND PREPARATION FOR TRIAL**          **TIME**          **DATE**

|   |   |   |   |   |
|---|---|---|---|---|
| a. | Rule 26(a)(3) Pretrial Disclosures[4] | | | |
|   | Plaintiff | | | *12/18/09* |
|   | Defendant | | | *01/08/10* |
| b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | *00/00/00* |
| c. | Special Attorney Conference[5] on or before | | | *01/22/10* |
| d. | Settlement Conference[6] on or before | | | *01/22/10* |
| e. | Final Pretrial Conference | | 2:30 p.m. | *02/08/10* |
| f. | Trial | Length | | |
|   | i. Bench Trial | *# days* | __:__ _.m. | *00/00/00* |
|   | ii. Jury Trial | *Six days* | 8:30 a.m. | *02/22/10* |

**8.**  **OTHER MATTERS**

Defendant will provide a list of patent claims alleged to be infringed by:                    06/30/08

| | |
|---|---|
| The parties will exchange lists of patent claim terms asserted to require construction, and proposed construction by: | 7/31/08 |
| Opening Markman briefs are due: | 09/01/08 |
| Responsive Markman briefs are due: | 10/01/08 |

Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference. The parties request a Markman hearing in October or November 2008.

Dated this 8th day of May, 2008.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge. A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B). The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[3] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony by March 15, 2009. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[4] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[5] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[6] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.